ESTATE OF CHAPMAN: STITES and others, Appellants, vs. CHAPMAN and others, Respondents.

*January 11—February 6, 1951.*

For the appellants there were briefs by *Peterson & Kittelsen* of Monroe, and oral argument by *Marshall L. Peterson*.

For the respondents there was a brief by *Ervin W. Johnson* of Darlington, and *Gilbert Barnard* of Elkhorn, for Ruth Chapman, Carol Jean Rudd, and Jeraldine Ruth Gordee, and by *John J. Boyle* of Darlington, guardian *ad litem* for Betty Lou Chapman, and oral orgument by *Mr. Johnson* and *Mr. Barnard*.

GEHL, J. It is not claimed by appellants that William Steffen is not qualified to act. It is their claim that, in the absence of any showing that the bank is not qualified to act, its nomination by the testator compels its appointment as successor trustee.

When the bank renounced its right to serve as trustee it left the estate in the same position as if no one had been nominated in the will. 21 Am. Jur., Executors and Administrators, p. 430, sec. 99. It took itself out of the matter for all purposes and for all time, at least until the court might be called upon to appoint a successor. When the need for the appointment of a successor arose the bank was eligible for appointment just as was any other qualified person. But its position was no different from that of any other qualified person and could claim no right to retract its renunciation and present itself as the testator's nominee.

Upon the death of Jay W. Chapman it became the function of the court to appoint a successor. The judge has wide discretion, and, although the wishes of the beneficiaries may be

considered, it is not bound to appoint their choice or the choice of some of them.

Appellants urge that it is clear that testator did not want one of his family or any South Wayne individual to serve. That fact appeared just as clearly when appellants requested in 1937 that the wishes of their deceased husband and father be ignored and that his son be appointed trustee. They are not now in very good position to insist that decedent's wish be complied with.

*By the Court.*—Order affirmed.